UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MKI ENTERPRISE GROUP, INC, D/B/A WINBO USA., <br>                    *Plaintiff,* <br> v. <br><br> UNITED STATES, <br>                    *Defendant.* | Court No. <u>**22-cv-00131**</u> |

# **COMPLAINT**

Plaintiff MKI Enterprise Group Inc., D/B/A/Winbo USA. ("Plaintiff" or "MKI"), by and through its undersigned attorneys, alleges and states for its complaint as follows:

## **JURISDICTION**

1. This is a civil action to contest the denial of protest under Section 515 of the Tariff Act of 1930 (19 U.S.C. § 1515).

2. Plaintiff has standing in this action as it is the owner and importer of record of the merchandise involved in this action and is the party that caused the protest and underlying protested entry referred to herein to be filed.

3. The protest that is the subject of this action was timely filed.

4. The protest that is the subject of this action was denied.

5. This action was timely commenced within 180 days after the denial of the underlying protest.

6. All duties, charges, and exactions assessed at liquidation pertaining to the entry and protest referred to herein were paid before commencement of the action.

7. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

**BACKGROUND AND DESCRIPTION OF MERCHANDISE INVOLVED**

8. On April 22, 2020, the USTR granted an application for an exclusion from the assessment of section 301 duties (Title III of the Trade Act of 1974 (Sections 301 through 310, 19 U.S.C. §§2411-2420," referred to herein as "Section 301") assessed against certain goods of Chinese origin, and modified the proposed language from "side armor protection" to "side protective attachments." (*See* 85 Fed. Reg. 23122, 23130 Apr. 24, 2020.

9. This exclusion was extended by Federal Register notice on August 11, 2020. *See* 85 Fed. Reg. 48600, 48616 Aug. 11, 2020.

10. The full language of the exclusion granted by the USTR as published in the Federal Register (85 Fed. Reg. 23122, Apr. 24, 2020) reads as follows:

> "Tire carrier attachments, roof racks, fender liners, *side protective attachments*, the foregoing of steel (described in statistical reporting number 8708.29.5060)"
>
> – excluded under Subheading 9903.88.56 per HTSUS Chapter 99 Note 20(iii)(213). *See* 85 Fed. Reg. 48600, 48616 Aug. 11, 2020. *Emphasis added*.

11. As indicated in the 85 Fed. Reg. 23122, "the exclusions are available for any product that meets the description in the Annex, *regardless of whether the importer filed an exclusion request*. Further, the scope of each exclusion is governed by the scope of the product descriptions in the Annex, and not by the product descriptions set out in any particular request for exclusion." *See* 85 Fed. Reg. 48600, 48601 Aug. 11, 2020.

12. Plaintiff is an importer and seller of side protective attachments and exterior accessories for trucks and sport utility vehicles.

13. The imported articles that are the subject of this action include various steel side protective attachments for motor vehicles, specifically side bars, nerf bars, and bars (collectively the "Subject Merchandise"), country of origin China.

14. Plaintiff's steel side bars, nerf bars, and bars attach to the frame of a vehicle, afford protection to the door panels, and provide a step-up to facilitate entry into the vehicle.

15. Plaintiff originally entered the Subject Merchandise under the Section 301 exclusion subheading as the primary HTSUS (and Subheading 8708.29.5060, HTSUS, as the secondary subheading) because the Subject Merchandise meets the description of "side protective attachments" in the Annex for which a tariff exclusion was granted.

16. On June 23, 2023, CBP issued a Notice of Action Taken (CBP Form 29) stating that "[t]he Nerf Bars, Running Boards, Side Steps, Steel Side bars and Bumpers imported on the entry numbers listed below do not qualify for the Section 301 exclusion.

17. On July 16, 2021, CBP liquidated the Subject Entry with a duty rate increase of 25% *ad valorem*.

18. The duty rate increase was the result of CBP's determination not to apply the duly granted Section 301 tariff exclusions to the merchandise imported under the Subject Entry.

19. On October 12, 2021, Plaintiff timely protested CBP's classification of the Subject Merchandise under HTSUS Chapter 99, the denial of the relevant exclusion, and application of Section 301 tariffs to the Subject Merchandise. *See* protest No. 2704-21-158057.

20. On November 10, 2021, Plaintiff's protest was denied.

## COUNT I

21. The allegations of Paragraphs 1 through 20 are incorporated in this Paragraph by reference as if fully set forth herein.

22. Plaintiff paid additional Section 301 duties on the Subject Entry at the time of importation assessed pursuant to Subheading 9903.88.03, HTSUS.

23.  Plaintiff is entitled to grant of its protest in full and a refund of duties paid as the Subject Merchandise is properly excluded from additional Section 301 duties.

24.  Defendant acted contrary to law in failing to grant the protest in full and not refunding Plaintiff duties assessed pursuant to Subheading 9903.88.03, HTSUS, to which Plaintiff is entitled.

25.  Plaintiff is entitled to recover the Section 301 duties assessed pursuant to Subheading 9903.88.03, HTSUS, and paid by the Plaintiff.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor, as follows:

(a)  overruling Defendant's denial of protest;

(b)  determining that the exclusions from additional tariffs under Section 301 of the Trade Act of 1930 apply to Subject Merchandise at issue in this action, as set forth by Plaintiff in Count I above;

(c)  ordering CBP to reliquidate the Subject Entry and refund the excess duties assessed pursuant to Subheading 9903.88.03, HTSUS, paid by the Plaintiff, together with interest as provided by law; and

(d)     granting such other additional relief as this honorable Court deems just and appropriate.

Dated: April 22, 2024               Respectfully Submitted,

/s/ George R. Tuttle III
George R. Tuttle III
Law Offices of George R. Tuttle, A.P.C.
3950 Civic Center Drive, Suite 310
San Rafael, CA 94903
Tel. (415) 986-8780
Email: Geo@Tuttlelaw.com

Attorney for Plaintiff MKI Enterprise Group